<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALLACE C. DENNIS,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CORINNE DICORCIA, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 19-22240 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

<u>**SHIPP, District Judge**</u>

　　This matter comes before the Court upon *pro se* Plaintiff Wallace C. Dennis's ("Plaintiff") *in forma pauperis* application ("IFP Application") under 28 U.S.C. § 1915. (IFP Appl., ECF No. 3.) The Court will grant Plaintiff's application pursuant to § 1915, direct the Clerk to file the Complaint (ECF No. 1), but dismiss the Complaint for lack of subject-matter jurisdiction.

**I.　　BACKGROUND**

　　Plaintiff proceeds *pro se* in this matter. The Complaint alleges that the Police Chief (the "Chief") of Eatontown, New Jersey, totaled Plaintiff's car, a "2012 Cadillac SRX 4x4 Luxury Collection." (Compl. *7, ECF 1.[1]) Plaintiff maintains that the Chief "went through a stop sign and T-boned [his] car." (*Id.*) The driver of Plaintiff's vehicle did not have a valid driver's license, but a summons was not issued to either car. (*Id.*) According to Plaintiff, his car was "wrecked" and he was never appropriately compensated. (*Id.*) Plaintiff represents to the Court that it cost $12,000.00

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

to repair the vehicle, but that it should not have been repaired in the first place and should have been replaced. (*Id.*) He now seeks $75,000.00 to cover the cost of a new vehicle. (*Id.*)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not decide a matter in the absence of federal subject-matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). "This Court has an independent obligation to satisfy itself that it has subject-matter jurisdiction." *Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009) (sua sponte dismissing an *in forma pauperis* application filed pursuant to 28 U.S.C. § 1915 for lack of subject-matter jurisdiction) (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). "Generally, there are three bases for federal subject matter jurisdiction: (1) jurisdiction under a specific statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *TM Marketing, Inc. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992).

## III. DISCUSSION

Here, Plaintiff's Complaint does not provide a basis for federal subject-matter jurisdiction. First, Plaintiff does not raise jurisdiction under any specific statutory grant. Second, Plaintiff does not raise any federal question pursuant to 28 U.S.C. § 1331. Federal question jurisdiction exists when a claim arising under the United States Constitution or other federal law can be found on the face of the complaint. *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 122 (3d Cir. 1979) (citation omitted). No claim arising under the Constitution or other federal law can be found on the face of Plaintiff's Complaint. Therefore, the Court does not have federal question jurisdiction. Finally, the Court lacks diversity jurisdiction in this matter pursuant to 28 U.S.C. §

1332(a) because the amount in controversy does not *exceed* $75,000.00. Here, Plaintiff only seeks $75,000.00 to cover the cost of a new vehicle. (Compl. *7); *see Freeland v. Liberty Mut. Fire Ins. Co*, 632 F.3d 250, 254 (6th Cir. 2011) ("Section 1332 demands that the matter in controversy *exceed* $75,000 exclusive of interest and costs. Therefore, the amount in controversy remains one penny short." (emphasis added) (internal quotation marks omitted)). Additionally, the action is not between citizens of different states. Plaintiff is a citizen of New Jersey and each Defendant is also a citizen of New Jersey. (Compl. *2); *see Jackson*, 2009 WL 192487, at *1 ("Since both [p]laintiff and the defendant are New Jersey residents, the parties are not diverse and there is no jurisdiction, pursuant to 28 U.S.C. § 1332."); *see also Lasky v. Borough of Hightstown*, No. 09-1717, 2009 WL 1045018, at *1 n.1 (D.N.J. Apr. 20, 2009) (finding that "[t]here also appears to be a lack of complete diversity of citizenship, as . . . the defendant municipality is deemed to be a New Jersey citizen").

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 25th day of February 2021 **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915 (ECF No. 3).

2. The Clerk of the Court shall file the Complaint without prepayment of fees or security.

3. The Complaint (ECF No. 1) is **DISMISSED** for lack of subject-matter jurisdiction.

4. The Clerk of the Court shall close this matter.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**